# CHARLESTON.

### HALL *v.* McGREGOR.

### Submitted June 12, 1907.  Decided February 2, 1909.

1. EXECUTORS AND ADMINISTRATORS—*Judgment—Individual Judgment.*

   A judgment against one styled as executrix, without recovery to be had from goods and chattels in her hands to be administered, is not a judgment against the estate, but an individual judgment against the person so styled.  (p. 77.)

2. SAME—*Attorney's Fees—Liability of Representative.*

   A personal representative is individually liable for compensation to an attorney for services rendered on behalf of the estate, at the instance of such representative.  (p. 77.)

3. EQUITY—*Bill—Amendment.*

   If the identity of the originally intended cause of suit is preserved, the particular allegations of a bill in equity may be changed by amendment in order to cure imperfections and mistakes in the manner of stating plaintiff's case.  (p. 78.)

4. JUDGMENT—*Equitable Relief—Grounds.*

   A judgment cannot be assailed in equity upon pleadings which fail to show affirmatively some reason, founded in fraud, surprise, accident, mistake, or adventitious circumstance beyond the control of the party complaining, why the defense was not made at law.  (p. 79.)

5. CREDITORS' SUIT—*Execution.*

   As a basis of suit in equity to enforce a judgment against real estate, an officer's return of no property found, on an execution, is conclusive between the parties, unless in case of fraud and collusion in the procurement of such return for the purpose.  (p. 80.)

6. EQUITY—*Decree—Execution.*

   By statute, an execution may issue on a decree for the payment of money.  (pp. 80, 81.)

Appeal from Circuit Court, Ritchie County.

Bill by Cyrus Hall against Matilda McGregor and others. Decrees for complainant, and defendants appeal.

*Affirmed.*

F. H. McGREGOR and S. A. POWELL, for appellants.

FREER & ROBINSON, for appellee.

ROBINSON, JUDGE:

A clear disposition of the case demands a statement somewhat in detail. The plaintiff claimed compensation for services rendered as an attorney of the estate of David McGregor, deceased, upon employment therefor by Matilda McGregor, the executrix. Upon such cause of action plaintiff recovered a judgment before a justice of the peace for the sum of three hundred dollars. The action proceeded against Matilda McGregor, "executrix of the last will and testament of David McGregor, deceased." Executions on the judgment, in like form, were returned by a constable, no property found. Thereupon plaintiff instituted his suit in equity for the enforcement of his judgment against the lands of which David McGregor died seized and possessed. In the bill these lands were alleged to have been devised by the will to the said Matilda McGregor. The judgment was alleged to be a lien on the lands aforesaid. For its payment a sale of the lands was prayed. Between the time of the rendition of the judgment and the institution of the suit for its enforcement against the lands, Matilda McGregor and the children of David McGregor, deceased, who were litigating as to the estate, compromised their controversy. Matilda McGregor's title to portions of the real estate was defined. She quit-claimed to the children as to other portions of it. She resigned as executrix. The plaintiff's bill for the sale of the lands named her as late executrix, widow, and devisee. The children were parties to the bill. With Matilda McGregor they answered after their demurrer had been overruled, resisting the enforcement of the judgment, alleging that it was obtained by fraud. The substance of this charge was, that, after instituting the action, plaintiff had represented to Matilda McGregor that he would not proceed to judgment therein; that he thereby caused no defense to be interposed. Special replications were filed and evidence was taken. At this point it seems conceded that a ruling of

the court brought to the attention of counsel the fact that the judgment, in its form aforesaid, particularly upon such cause of action, was merely a personal one against Matilda McGregor. There was reference to a commissioner to ascertain what real estate, if any, the judgment was a lien upon, to whom the real estate belonged, and other pertinent matters. The commissioner reported that the judgment was a lien on the real estate of Matilda McGregor, and described that real estate. The greater part of this real estate, it would appear, was that allotted to her by the compromise. That part was real estate of which David McGregor died seized and possessed, and that part, at least, was real estate which the bill sought to subject to the payment of the judgment. Numerous exceptions to the report were endorsed by these defendants. It appeared that proper and necessary parties, holders of vendors' liens as to some of said real estate, were not before the court. The exceptions at the time were not passed upon, and the case was remanded to rules, with leave to the plaintiff to amend the bill by making new parties and any additional allegations necessary and material for the proper presentation of his cause. The bill was amended. Complete new process issued thereon, and the cause again matured. The amended bill fitted the case to the findings of the commissioner, and prayed for the enforcement of the judgment against the lands of Matilda McGregor as a personal judgment against her and not as a judgment or claim having to do with the real estate of the decedent. Demurrer to the amended bill being overruled, specific answer was made on the part of Matilda McGregor and separate answer as to said children. She denied that the judgment was one against her personally. It was further asserted that the plaintiff never intended his judgment to be personal against her and that he had never so treated it until the aforesaid ruling of the court was made; that she had been misled in believing that the judgment was not being sought against her personally but against the estate of which she was executrix at the time; and that she therefore made no defense to it. It was further alleged that the returns on the executions did not apply to her personally, and that she had property out of which the executions could have been made. The judgment was attacked as being rendered without notice to her. Any debt of Matilda McGregor to plaintiff

was denied, and an injunction against the enforcement of the judgment was asked. To these answers special replies were made. Depositions were taken relative to matters raised upon such issue. Then followed a decree adjudicating that the judgment was a valid and existing lien on the real estate of Matilda McGregor; that the judgment was a personal one against her; that the words "executrix of the last will and testament of David McGregor, deceased," were merely descriptive. The relief prayed for in the answers was denied. The report of the commissioner was set aside. Reference was had to a special master for ascertainment and report of the real estate of Matilda McGregor upon which the aforesaid judgment was a lien, the nature of her estate therein, and other proper matters. Upon the reports being returned, there was final decree in the case for the amount of the judgment, its interest and costs, in favor of the plaintiff against Matilda McGregor, providing for a renting of the real estate ascertained to be owned by her in the event she should not pay the same within the day fixed. It is from these decrees that we now have this appeal.

There is much in the record that should not be there. Extended evidence has been produced, the greater part of which is improper or irrelevant to a proper conception of the case. Our consideration of the record shall be limited to those matters upon which correct decision turns.

Is the judgment a personal one against Mrs. McGregor? Yes, clearly so. *Thompson & Lively* v. *Mann,* 53 W. Va. 432; *Hanson* v. *Blake,* 63 W. Va. 560. This is true not only because of the form of the judgment and the statement of the account filed before the justice upon which it is based, but it is forcibly true by reason of the very substance of the cause of action. A personal representative is individually liable for compensation to an attorney for services, rendered at the instance of such representative, on behalf of the estate. 2 Woerner's American Law of Administration, section 356; 18 Cyc. 882; *Crim* v. *England,* 46 W. Va. 480. The representative has recourse for reimbursement for reasonable expenditures in such behalf, in his settlement with the estate.

The amendment to the bill was not absolutely essential to the enforcement of the judgment as a personal one against Mrs. McGregor. The original bill set forth this judgment so that

its legal effect was most apparent, and asked that it be enforced out of the lands of which David McGregor died seized and possessed. These lands were therein alleged to have been devised to Mrs. McGregor. Yet the amendment was regular and proper. It cured imperfections in the manner of stating plaintiff's case. It made no new case. The identity of the original cause of suit was preserved. That cause of suit was the enforcement of this same judgment against this same real estate, or real estate of which that mentioned in the amended bill is a part. The same parties remained involved. The end sought by the amendment is precisely the same as that originally intended by the plaintiff—the collection of his judgment. In *Hanson* v. *Blake, supra,* we recently held: "So long as the form of action is not changed, and the court can see that the identity of the originally intended cause of action is preserved, the particular allegations of the declaration may be changed by amendment in order to cure imperfections and mistakes in the manner of stating plaintiff's case." Certainly the rule is not more rigid in equity. Indeed it is the same. *Bird* v. *Stout,* 40 W. Va. 43; Hogg's Equity Procedure, section 327. The rule in equity demands simply that a new, substantive cause of suit be not introduced; that the identity of the cause of suit be preserved. By this amendment the plaintiff's case was simply made to conform to the real equities in his favor which the progress of the cause disclosed as those related to his originally intended object of that suit. That object was to collect his judgment out of the lands. If it appeared that the real character and force of the judgment was mistakenly or imperfectly alleged, it was right to correct this error by amendment. And even if it appeared that the ownership of the lands was erroneously set forth there could properly be amendment as to this fact, so long as the original object was sought—the collection of the same judgment from the same real estate, and especially as between the same parties. The demurrers were rightly overruled.

There would be little finality and stability to judgments were it possible to overthrow them upon the facts alleged in the answers in this case. As to the charge of fraud in the original answer, it suffices to note that there is no denial of notice of the judgment within the time for appeal therefrom, nor anything making a case of fraud, surprise, accident, mistake, or adventitious cir-

cumstance sufficient to affect the force and validity of the judgment in view of the failure of Mrs. McGregor to take advantage against it directly at law. The allegations of the answer to the amended bill, calling for affirmative relief, do not make a case of fraud, surprise, accident, mistake, or adventitious circumstance beyond control of the party complaining, as against this judgment. Such case is necessary to relief in equity from a judgment at law. This principle needs no citation of authorities. It has become a maxim of equity. The judgment from its rendition had a legal effect. Its legal import was that of a judgment against Mrs. McGregor. She is chargeable with knowledge of this import. Failure to be properly advised in the premises in time to destroy the legal effect of the judgment, if it was erroneous, was her own act. Diligence on her part in seeking advice of good counsel would, if there was error, have saved her. Equity cannot excuse lack of diligence, which is only another name for negligence. But the case set up by her in this answer is in truth overcome by the facts disclosed as a whole therein. She in effect assumes and admits the judgment to be one properly payable by the estate. Viewing the judgment as she does in this answer, she, as executrix, admitted, by making no defense to the claim in the manner provided by law, that the cause of action was a just one. And the facts stated by her show that, if the original cause of action upon which the judgment is based was just, then because of its nature she is liable personally. The effect of her answer is to say that the plaintiff did render the services as attorney to the estate for which she was executrix, at her instance, for which he should be paid by that estate, and not by her. Yet this very statement shows her liability for the same individually, and supports the validity of the judgment as a personal one against her. She cannot defeat a judgment that appears from her pleading itself to be right.

It seems that Mrs. McGregor was misadvised in the premises. That fact cannot overthrow a proper decree. It is simply unfortunate. Costs have been incurred unnecessarily. And it clearly appears that the plaintiff was also erroneously advised concerning the true purport of his judgment for a time. However, since in the latter stages of the case it is practically admitted that there is no controversy as to the amount and justice

of plaintiff's claim for services, but only as to who should pay it, it does not appear inequitable or unjust in any particular that the decree should have applied the correct legal rule as to individual liability on the part of the executrix.

As to the contention that the returns of no property found do not relate to Mrs. McGregor individually, and that she had sufficient personal property out of which the amount of the executions could have been made, we must view these returns in the same light as we do the judgment. And a return of no property found, as a basis of right to proceed in equity for enforcement of a judgment against land, we hold to be conclusive as between the parties. 17 Cyc. 1379; *Smith* v. *Triplett,* 4 Leigh 590. The statute is: "The lien of a judgment may be enforced in a court of equity after an execution or *fieri facias* thereon has been duly returned, to the office of the court or to the justice from which it issued, showing by the return thereon that no property could be found from which such execution could be made." Code, chapter 139, section 7. This statute demands a return showing no property found, nothing more, as a basis of suit. Here we have such showing by returns on the executions that were issued on the judgment. Can we say that the statute requires more? It merely requires the showing of such return. It does not demand that there shall in fact be no property. If the officer is derelict, there is complete remedy on his bond. And the return cannot be attacked by showing that sufficient property existed, because the plaintiff has done all required by the statute when he shows such return. It is not a question of the existence of sufficient property, but the existence of such return of an officer. Fraud and collusion in making such return for the purpose of basing a suit thereon without resort to personal property may alter the rule. *Newlon* v. *Wade,* 43 W. Va. 283. But nothing short of such fraud and collusion does alter it. No sufficient case in that particular has been made, although insisted upon and argued. The plaintiff has not been successfully impugned in connection with the making of the returns on the executions upon his judgment. The officer may have been at fault.

Complaint against the decree because it provided for executions to issue thereon as at law is without merit. By statute, decrees for land or specific personal property and for the pay-

ment of money are placed on the same footing as are judgments therefor. Code, chapter 139, sections 1 and 2. An execution may issue on such decree. This law is indeed old. *Tate* v. *Liggatt,* 2 Leigh 101; *Windrum* v. *Parker,* 2 Leigh 369; 4 Minor's Inst. (3rd ed.) 984.

In the light of the foregoing observations which, we think, sufficiently dispose of the various assignments of error, we affirm the decrees.

*Affirmed.*