UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* HONORABLE J. W. EARY, *Judge, Etc.*

(No. 8194)

Submitted September 25, 1935. Decided October 8, 1935.

478

*Steptoe & Johnson* and *Stanley C. Morris,* for petitioner.
*File, File & Scherer,* for respondents Bank of Raleigh and
J. W. Eary.
*Sayre & Bowers,* for respondent Fayetteville Building &
Loan Association.

KENNA, JUDGE:

By this proceeding in prohibition, the petitioner, United
States Fidelity & Guaranty Company, seeks to stop proceed-
ings in a judgment lien creditor's suit pending before the
Honorable J. W. Eary, Judge of the Circuit Court of Fayette
County, wherein the Bank of Raleigh is plaintiff and Isaiah
Kidd and others are defendants.

The petition alleges that the Circuit Court of Fayette
County is without jurisdiction to entertain the judgment lien
creditor's suit because of the fact that the bill of complaint
filed therein shows upon its face that two executions were
issued upon the judgment sued on within two years of its
date; that neither of them was directed to the sheriff of the
county wherein the judgment debtor resided at the time, he
being a resident of this State; and that since an execution
issued upon the judgment sued on within two years of its
date, but none was addressed to the sheriff of the county
wherein the judgment debtor resided, there is no jurisdiction
for a suit in chancery to enforce the lien of the judgment
against the land of the judgment debtor under the provisions
of Code, 38-3-9. That section reads as follows:

"The lien of a judgment may be enforced in a court of equity after an execution or fieri facias thereon has been duly returned to the office of the court or to the justice from which it issued showing by the return thereon that no property could be found from which such execution could be made: *Provided,* That such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment. If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold and the proceeds applied to the discharge of the judgment."

The respondents take the position that since more than two years have elapsed since the date of their judgment, they are entitled to maintain the judgment lien creditor's suit because the executions issued upon the judgment sued on within the two-years period were not such executions as are contemplated by the section quoted, as defined by this court in the recent case of *Lewis* v. *Fisher,* 114 W. Va. 151, 171 S. E. 106.

The question at issue is thus narrowed to the query: under the proviso of the statute, can a judgment lien creditor's suit be brought upon a judgment after two years from its date, if executions addressed to the counties other than the county of the judgment debtor's residence have been issued during the two-year period, but no execution addressed to the sheriff of the county wherein the judgment debtor resides has been issued and returned "no property found"?

No cases in point other than *Lewis* v. *Fisher,* 114 W. Va. 151, 171 S. E. 106, are cited in either brief, nor has our examination disclosed other cases in point.

The opinion of the court in *Lewis* v. *Fisher,* 114 W. Va. 151, 171 S. E. 106, was based upon the fact that the purpose of an execution upon which to ground a judgment lien creditor's suit was, first, to show a *bona fide* effort to exhaust the legal remedy against personalty before resorting to equity to sell land, and second, to put the judgment debtor upon notice that his land was likely to be proceeded against. The

conclusion was therefore reached that the execution upon which a proceeding to sell land is grounded, must be addressed to the sheriff of the county wherein the judgment debtor resides, if a resident of this state. In providing that a judgment lien creditor's suit may be brought upon a judgment if no execution has issued within two years from its date, we believe that the statute contemplates that if, after the lapse of two years, no execution such as would lay the basis of a chancery suit has been issued, that then such a suit may nevertheless be brought. It would seem that the statute contemplates an election to exhaust the debtor's personalty to be made by the judgment creditor during the two-year period. If he desires to proceed against his debtor's land within that period, he must issue an execution addressed to the sheriff of the county wherein the judgment debtor resides and that execution must be returned ''no property found.'' This sort of an execution shows a *bona fide* effort to exhaust the personal property by the pursuit of the legal remedy. Executions addressed to counties other than that wherein the debtor resides do not show such a purpose. A return ''no property found'' upon such an execution does not have that effect. It was held in the *Lewis* case that executions addressed to sheriffs of counties other than the county of the debtor's residence were not sufficient to establish a *bona fide* effort to exhaust the legal remedy against his personalty. Without such effort, a chancery suit to sell the debtor's land can not be brought within two years from the date of the judgment. Therefore, if the statute does in fact contemplate an election to exhaust the debtor's personalty to be made by the judgment creditor within the two-year period, it can not be said that that election is made by issuing an execution to a county other than the county wherein the judgment debtor resides, because that kind of execution is not recognized as a means of exhausting the debtor's personal estate. In theory, it is the exhaustion of the debtor's personal estate that gives jurisdiction to proceed against his land within two years from the date of the judgment. This exhaustion of the personal estate need not be proven and in fact need not actually exist, but the statute requires a return ''no

property found'' as a means of making a jurisdictional showing to that effect. *Hall* v. *McGregor,* 65 W. Va. 74, 64 S. E. 736. Hence, if the return of executions addressed to counties other than the county of the debtor's residence are of no value on the question of exhausting the debtor's personal estate for the purpose of equity jurisdiction to entertain a judgment lien creditor's suit within two years from the date of the judgment, they surely can not be said to constitute an election to proceed by exhausting the debtor's personal estate before proceeding in equity to sell his land.

The reasons set forth above, coupled with the fact that the execution required by the statute has already been defined by this court, and because of the general rule of construction that terms having one meaning in a statute are to be given that same meaning throughout, unless to do so creates repugnancy or otherwise distorts the plain purpose of the act, impel us to hold that the execution contemplated throughout the statute and in the proviso is an execution addressed to the county of the judgment debtor's residence. Since no such execution was issued within a period of two years from the date of the judgment sought to be enforced in the judgment creditor's suit herein, and since the amended bill of complaint shows that fact and that that was the situation when the judgment lien creditor's suit was brought, we are of the opinion that the circuit court of Fayette County has jurisdiction upon the showing made by the amended bill of complaint to entertain the judgment lien creditor's suit, and the writ of prohibition is therefore declined.

*Writ denied.*