370 S.E.2d 620

**William H. JARVIS**

v.

**Dewey D. PORTERFIELD and Norma F. Porterfield.**

**No. 17901.**

Supreme Court of Appeals of West Virginia.

June 24, 1988.

---

**526**

Eugene D. Pecora, Beckley, for William Jarvis and Bonnie Settle.

Thomas M. Hayes, Hayes & Moredock, Charleston, for Dewey and Norma Porterfield.

PER CURIAM:

The Circuit Court of Kanawha County, in this proceeding, ordered that the residence of the appellants, Dewey D. Porterfield and Norma F. Porterfield, his wife, be sold to satisfy certain debts, including a judgment lien for $599.38, interest, and costs. On appeal the appellants claim, among other points, that the circuit court lacked jurisdiction to entertain the suit which resulted in the sale. After reviewing the record, this Court agrees and reverses the judgment of the circuit court.

On May 11, 1982, William H. Jarvis obtained a judgment against Dewey D. Porterfield in the Circuit Court of Kanawha County for $599.38, with interest, and costs. An abstract of the judgment was recorded in the office of the Clerk of the County Commission of Kanawha County, West Virginia. The judgment created a judgment lien against Mr. Porterfield's home located in Kanawha County, West Virginia. *See, W.Va.Code*, 38-3-6.[1]

On February 16, 1983, less than one year after obtaining the judgment, Mr. Jarvis filed a creditor's complaint in the Circuit Court of Kanawha County praying that the judgment lien be enforced by the sale of the appellants' residence. The complaint indicated that there were certain other liens against the property, and it prayed

---

**1.** *W.Va.Code*, 38-3-6, provides in relevant part:

Every judgment for money rendered in this State, other than by confession in vacation, shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of such judgment, or if it was rendered in court, at or after the commencement of the term at which it was so rendered, if the cause was in such condition that a judgment might have been rendered on the first day of the term; but if from the nature of the case judgment could not have been rendered at the commencement of the term, such judgment shall be a lien only on or after the date on which such judgment or decree could have been rendered and not from the commencement of the term; but this section shall not prevent the lien of a judgment or decrees from relating back to the first day of the term merely because the case shall be set for trial or hearing on a later day of the term, if such case was matured and ready for hearing at the commencement of the term, not merely because an office judgment in a case matured and docketed at the commencement of the term does not become final until a later day of the term. A judgment by confession in vacation shall also be a lien upon such real estate, but only from the time of day at which such judgment is confessed.

that a commissioner be appointed to determine the amount and priority of the liens.

After the institution of the suit, the circuit court appointed a commissioner to determine what real estate the appellants owned and what liens were outstanding and their priorities. The commissioner, Robert P. Martin, examined the matters presented and on April 8, 1985, filed his report. In the report Commissioner Martin found that the appellants owned the real estate comprising their residence in Kanawha County. He also found that there were several liens against the property, including a Deed of Trust lien with a payoff amount of $14,592.38, a State Tax lien for $38.36, the Jarvis lien with a payoff of $623.63, and certain public service liens for $696.74, plus costs. He concluded:

> An examination of the property reveals that the rents and profits therefrom and [sic] not sufficient to defer the above-listed amounts due and owing thereon, and it is the finding of your Commissioner that the property owned by the Defendants, Dewey W. Porterfield and Norma F. Porterfield, should be sold in order to satisfy the above enumerated obligations.

The circuit court, after receiving Commissioner Martin's report, by order dated April 8, 1985, appointed Charles E. Hurt special commissioner to advertise and sell the appellants' home. Special Commissioner Hurt, pursuant to the court's order, sold the property at auction, and on October 16, 1985, filed a report with the court indicating that Bonnie Lee Settle had purchased it for $15,000.00. The special commissioner recommended that the sale be confirmed.

After receiving the report of Special Commissioner Hurt, the circuit court, on October 16, 1985, entered an order confirming the sale. The court also directed Special Commissioner Hurt to execute and deliver a deed to the property to the purchaser.

By motion dated December 18, 1985, and a supplemental motion dated January 31, 1986, the appellants prayed that the court vacate and/or set aside the sale. Among other points, they claimed that the circuit court was without jurisdiction to entertain the suit and that the court's judgment was void because Mr. Jarvis had failed to procure the issuance and return of an execution on his judgment before instituting the suit.

After conducting a hearing and after considering certain supplemental matters and memoranda of the parties, the circuit court, in December 1986, overruled the appellants' motion. In overruling the motion the circuit court noted that the appellants had not attempted to challenge the sale until after it had been completed, after the deed to the purchaser had been recorded, and after there had been disposition of the proceeds from the sale. The court found that there was no showing by the appellants of any mistake, inadvertence, excusable neglect, unavoidable cause, newly discovered evidence, fraud, satisfaction, or other reason justifying relief from the judgment. It is from the circuit court's ruling that the appellants now appeal.

In the present proceeding the appellants make a number of assignments of error. However, this Court believes that one is of particular importance to the resolution of the appeal. That assignment of error is that the trial court was without jurisdiction to entertain Mr. Jarvis' suit.

The appellants' claim that the trial court was without jurisdiction has its basis in *W. Va. Code*, 38-3-9, the statute which deals with the enforcement of judgment liens by suit. The statute provides that:

> The lien of a judgment may be enforced in a court of equity after an execution or fieri facias thereon has been duly returned to the office of the court or to the justice [magistrate] from which it issued showing by the return thereon that no property could be found from which such execution could be made: Provided, that such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment. If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real

estate, or any part thereof, to be sold and the proceeds applied to the discharge of the judgment.

In a number of cases this Court has examined the wording of this statute. It has concluded that it creates two categories of creditors suits. The first category is composed of those suits conducted within two years after the date of the judgment giving rise to the creditor's lien. The second category consists of those suits conducted more than two years after the date of the judgment giving rise to the judgment lien. *See, Lewis v. Fisher,* 114 W.Va. 151, 171 S.E. 106 (1933).

The Court has uniformly indicated that in the first category of suits, those conducted less than two years after the date of the judgment giving rise to the judgment lien, the issuance and return of an execution (a fieri facias) is a condition precedent to a circuit court's obtaining jurisdiction to enforce the judgment lien. *Cooper v. Mullenax,* 126 W.Va. 256, 28 S.E.2d 426 (1943); *United States Fidelity and Guaranty Co. v. Eary,* 116 W.Va. 477, 181 S.E. 817 (1935); *Lewis v. Fisher,* 114 W.Va. 151, 171 S.E. 106 (1933). In the single syllabus of *Lewis v. Fisher, supra,* the rule is stated as follows:

> In order to give a circuit court jurisdiction to entertain a judgment lien creditors' suit to subject the real estate of the judgment debtor to the lien of the judgment, it must appear that an execution was first issued directed to the sheriff of the county wherein the judgment debtor resides, if a resident of this state, and that such execution was returned "no property found".

The purpose of this rule is to require the judgment creditor first to make a *bona fide* effort to obtain satisfaction of his debt by proceeding legally against the judgment debtor's personalty before allowing him to resort to the more drastic equitable remedy of forcing the sale of the judgment debtor's real estate. It is also intended to provide a mechanism to notify the judgment debtor within two years after entry of the judgment that his land will be sold unless he satisfies the judgment. *See Cooper v.*

*Mullenax, supra, United States Fidelity and Guaranty Co. v. Eary, supra,* and *Lewis v. Fisher, supra.*

The importance of the requirement that an execution first be sought is stressed in *United States Fidelity and Guaranty Co. v. Eary, supra* 116 W.Va. at 480–81, 181 S.E. at 818:

> It would seem that the statute contemplates an election to exhaust the debtor's personalty to be made by the judgment creditor during the two-year period. If he desires to proceed against his debtor's land within that period, he must issue an execution addressed to the sheriff of the county wherein the judgment debtor resides and that execution must be returned "no property found." This sort of an execution shows a *bona fide* effort to exhaust the personal property by the pursuit of the legal remedy.... Without such effort, a chancery suit to sell the debtor's land can not be brought within two years from the date of the judgment.... In theory, it is the exhaustion of the debtor's personal estate that gives jurisdiction to proceed against his land within two years from the date of the judgment. This exhaustion of the personal estate need not be proven and in fact need not actually exist, but the statute requires a return "no property found" as a means of making a jurisdictional showing to that effect. *Hall v. McGregor,* 65 W.Va. 74, 64 S.E. 736.

In the case presently under consideration, the record shows that Mr. Jarvis' judgment was rendered on May 11, 1982. It also shows that he filed his creditor's complaint on February 16, 1983, less than one year after obtaining his judgment. The record does not show that he obtained an execution on his judgment or that an execution was returned "no property found" prior to filing his creditor's complaint. Under such circumstances *W.Va. Code,* 38-3-9, as interpreted in *Lewis v. Fisher, supra,* clearly indicates that the trial court was without jurisdiction to entertain Mr. Jarvis' creditor's suit.

Where a trial court is without jurisdiction in a matter, it should not proceed to enter-

tain the matter. Instead, it should dismiss it from the docket. *Hinkle v. Bauer Lumber and Home Building Center, Inc.,* 158 W.Va. 492, 211 S.E.2d 705 (1975). Syllabus point 3 of *Hinkle* further indicates that: "In the exercise of appellate jurisdiction, this Court will reverse a trial court which exceeds its lawful jurisdiction."

The appellee's brief in the present case asserts that, even though the foreclosure suit was instituted less than two years after the date of the underlying judgment, the trial court did not render the decree of sale until more than two years after the date of the underlying judgment. Because of this the appellee claims that under *W.Va.Code,* 38–3–9, the failure to procure a writ of execution does not preclude the circuit court from having jurisdiction over the matter. This Court believes that this assertion is without merit. As indicated in *Lewis v. Fisher, supra,* the failure of a plaintiff to obtain a writ of execution deprives the trial court of jurisdiction to consider the matter. Rather clearly the *United States Fidelity and Guaranty* case states that without a prior execution "a chancery suit to sell the debtor's land can not be *brought* within two years from the date of judgment." 116 W.Va. at 480, 181 S.E. at 818 [emphasis supplied]. The focus of the Court's attention in that case was on the situation at the commencement of the creditor's suit. This Court does not believe that a court without jurisdiction to consider pleadings or to appoint a commissioner obtains, by the mere passage of time, jurisdiction to render judgment on those pleadings and upon the findings of that commissioner. To allow the appellee in the present proceeding to prevail would subvert the purpose of the execution rule. It would allow the judgment creditor to proceed against the appellants' real estate within two years without requiring him to exhaust his legal remedy against their personalty. It would also allow the judgment creditor to proceed without having put the appellants on notice that their real estate was in peril.

For the reasons stated this Court believes that the judgment of the Circuit Court of Kanawha County should be reversed and this case should be remanded with directions that the court vacate the sale of the appellants' property and declare it void.

Reversed and remanded with directions.