O. C. LEWIS, *Trustee, v.* HONORABLE JAKE FISHER, *Judge, etc., et al.*

(No. 7712)

Submitted September 13, 1933. Decided October 3, 1933.

152

*Conley & Klostermeyer,* for petitioner.
*Hines, Hall & Hines,* for respondents.

KENNA, JUDGE:

This proceeding in prohibition seeks to prevent the Honorable Jake Fisher, Judge of the Circuit Court of Braxton County, and W. L. Armstrong, a special commissioner in chancery of that court, to whom the cause in question had been referred, from proceeding in, and exercising further jurisdiction as to, a certain judgment lien creditors' suit pending in that court, styled J. E. Hall v. Elk Valley Lumber Company, L. French Herold and others, in so far as the suit affects the real estate of L. French Herold. The petition sets up that subsequent to the bringing of the judgment lien creditors' suit, L. French Herold was adjudicated a bankrupt in the United States District Court for the Southern District of West Virginia and the petitioner herein, O. C. Lewis, was duly and regularly elected trustee in bankruptcy for the said L. French Herold and qualified as such; and that the circuit court of Braxton County, for reasons set forth in the petition and hereinafter recounted, being without jurisdiction to entertain the judgment lien creditors' suit as to the real estate of L. French Herold, the prosecution of that cause should not be permitted to interfere with the possession, control, and right to administer the real estate which is vested in the trustee in bankruptcy. The allegations of the petition set up the following matters of fact in chronological order:

November 17, 1931, J. E. Hall obtained judgment in the circuit court of Braxton County against L. French Herold, who resides in Nicholas County, and others in the sum of

$4,221.06 and costs. The other defendants were Elk Valley Lumber Company, a corporation, A. C. Herold, a resident of Braxton County, P. E. Eakin and E. Royall Herold.

January 12, 1932, executions were issued on the judgment addressed to the sheriff of Braxton County and to the sheriff of Nicholas County, and the Braxton County execution placed in the hands of the sheriff of Braxton County on the same day.

January 13, 1932, the execution issued to the sheriff of Braxton County returned indorsed "no property found out of which this execution can be made". The execution addressed to the sheriff of Nicholas County was placed in his hands on this date.

January 30, 1932, judgment lien creditors' suit instituted by J. E. Hall in the circuit court of Braxton County for the purpose of subjecting the real estate of the judgment debtors to the lien of the judgment.

March 2, 1932, at the request of the plaintiff's attorney, execution issued to the sheriff of Nicholas County returned without being levied.

April Rules, 1932, bill of complaint filed in the judgment lien creditors' suit. ;

June 29, 1932, involuntary petition in bankruptcy against L. French Herold filed in United States District Court for the Southern District of West Virginia.

November 17, 1932, order of reference to Armstrong, special commissioner, entered in the judgment lien creditors' suit.

December 31, 1932, L. French Herold adjudicated bankrupt.

January 23, 1933, O. C. Lewis elected trustee for L. French Herold, bankrupt.

July 28, 1933, executions upon the judgment of J. E. Hall against L. French Herold and others issued addressed, respectively, to the sheriffs of the counties of Nicholas and Lewis.

August 2, 1933, Lewis County execution returned "no property found". This petition filed and rule in prohibition issued the same day.

August 26, 1933, the second execution issued to the sheriff of Nicholas County returned by him indorsed "no property found".

The questions thus raised and relied upon in the petition are as follows:

(1) That under the statute, in order to confer jurisdiction for a proceeding to subject the land of a judgment debtor to the lien of the judgment, an execution must be issued addressed to the county in which the judgment debtor resides and returned by the sheriff of that county "no property found", and that because this procedure was not followed as to L. French Herold, the circuit court of Braxton County has not acquired jurisdiction to entertain a judgment lien creditors' suit as to his real estate. To this point, the respondents reply (a) that the question is not jurisdictional and, therefore, may be satisfied by the issuance of such an execution and the requisite return thereon subsequent to the bringing of the judgment lien creditors' suit, and that such facts may be set up in an amended and supplemental bill; (b) that if jurisdictional, the statute does not contemplate the necessity of the execution being addressed to the sheriff of the county in which the judgment debtor resides, but may be satisfied by an execution issued to the sheriff of the county wherein the judgment was rendered and returned "no property found" by that sheriff, in cases (as here) in which some one or more of the defendants in the judgment lien creditors' suit reside in that county.

A demurrer was filed by the respondents to the petition, and this makes it necessary for us to dispose, at the outset, of the question thus raised, namely, whether, admitting the allegations of the petition, prohibition is the proper remedy. If the question raised is not jurisdictional and if it constitutes mere matter of defense in the judgment lien creditors' suit, it, as such, cannot be used as the basis for obtaining a writ of prohibition. Even should it be found that the question is jurisdictional, if its determination involves merely a finding as to the existence of jurisdictional facts, prohibition still is not the proper remedy, because the existence or non-existence of facts conferring jurisdiction is for the decision of the court in which the proceeding is pending. The right of the trial court to determine the existence or non-existence of facts that give rise to its own jurisdiction will not be interfered with by any other court, and the sole remedy is by appeal or writ of error. So that we must determine, first, whether the question raised is jurisdictional, and, second, if

it is, whether it is jurisdictional in the sense of requiring a decision upon facts or a decision upon a pure question of law. If it rests upon a determination of fact, prohibition will not lie. If it rests upon the determination of a question of law, prohibition will lie if the trial court has exceeded its jurisdiction or usurped a jurisdiction that in law does not exist.

In ascertaining whether or not the question presented is jurisdictional, the first consideration must be to determine whether a proceeding to subject land to the lien of a judgment is statutory only, or whether the jurisdiction inheres in a court of equity, the statute in such case being merely regulatory of its exercise.

Prior to the year 1285, when the statute, Westminster 2, chapter 18, XIII Edward 1, was enacted, a judgment had in no way the effect of reaching the land of the judgment creditor. That statute established the writ of elegit by which the plaintiff was entitled to have the sheriff seize and deliver to him a moiety of the land of the judgment creditor until the debt was paid out of the rents and profits. The effect of a judgment upon land thus having its origin in statutory enactment, was gradually developed by successive statutes (which it is not thought necessary here to detail) culminating in West Virginia in our present law which makes a judgment a lien upon the land of the judgment debtor, and confers upon the creditor the right, in a court of equity, to subject the land of the judgment debtor to sale in satisfaction of that lien after an execution has been issued and returned "no property found" or after two years have elapsed from the date of the judgment upon which the lien has its basis. It is thus seen that the lien of a judgment upon land is purely statutory. Being a purely statutory lien, the jurisdiction of a court of equity, whether it be inherent or whether it be conferred by statute, is in any event based upon the statute, and the court of equity taking jurisdiction for its enforcement may not extend it to cases not provided for in the statute itself. *Canal Company* v. *Gordon*, 6 Wallace 561, 18 L. Ed. 894; *Aldine Mfg. Co.* v. *Phillips,* 118 Mich. 162, 76 N. W. 371, 74 Am. St. Rep. 380, 42 L. R. A. 531; *Buchan* v. *Sumner,* (N. Y.) 2 Barbour's Chancery 165, 47 Am. Dec. 305.

Having determined that both the lien and the remedy for its enforcement are dependent upon the statute, the question arises : is the issuance and return ''no property found'' upon an execution made a jurisdictional matter by the statute in question? We think that it undoubtedly is. This requirement is intended to be the statutory method by which it is shown that the legal remedy has been pursued without result. Under the statute, it is then and then only that a court of equity takes jurisdiction to grant relief by enforcing the lien of a judgment against land. This court has already referred to the necessity of the issuance and the return ''no property found'' of an execution as being a condition precedent to the institution of a suit to sell the land of a judgment debtor. *Dunfee* v. *Childs,* 45 W. Va. 155, 30 S. E. 102; *Lopinsky* v. *Realty Co.,* 111 W. Va. 553, 163 S. E. 1. We have no difficulty in finding that, if it is a condition precedent (and the provision would seem to be almost meaningless unless it is), that it is in fact jurisdictional, that is, that in order to confer upon a court of equity jurisdiction of a proceeding to sell land of a judgment debtor where the judgment is not more than two years old, it must appear that, at the time such proceeding was brought, an execution had issued against the judgment debtor and had been returned ''no property found''.

The next question is, the matter of issuing the execution and the return thereon having been decided to be jurisdictional, to what county must it be addressed? We think, undoubtedly, it must be addressed to the county wherein the judgment debtor whose lands are sought to be subjected resides, and this without regard to the places of residence of the other judgment debtors who may be involved. *Durand* v. *Gray,* 129 Ill. 9, 21 N. E. 610; *Child* v. *Brace,* 4 Paige (N. Y. Ch. Rep.) 309; *Bay State Iron Co.* v. *Goodall,* 39 N. H. 223, 75 Am. Dec. 219. We are conscious that it is not always so held and that the statute, in terms, does not so require. We are justified, however, since the statute simply establishes the principle that the legal remedy under the judgment against the goods of the judgment debtor must first be exhausted before a creditors' bill against his real estate will lie, in placing a construction upon it that will insure that purpose

being reasonably achieved. It is plain that the provisions of the statute are intended to make reasonably certain that the legal remedy has been pursued and the possibilities of realizing on the purely legal aspect of the lien exhausted, before resort shall be had to a proceeding in equity against the judgment debtor's land. This is certainly not a matter that can be regulated in any way by the residence of other judgment debtors whose lands are also being proceeded against. A judgment rendered in Mercer County against a resident of that county and a resident of Ohio County would surely not be in any better position to be enforced against the Ohio countian's land by virtue of an execution issued in Mercer County directed to that sheriff and returned by him "no property found". To so hold would be to reduce the requirement to a mere empty gesture. Instead, the statute was intended as a means of guaranteeing that the legal remedy would, in good faith, be pursued first. We think that the only practical means of pursuing the legal remedy is by an execution addressed to the sheriff of the county wherein the judgment debtor resides. This is a practical method of pursuing the legal remedy as to him, and, further, puts him on notice of the fact that a procedure against his land is threatened. An execution issued to the sheriff of some other county would not have this effect.

From the foregoing, it is inevitable to conclude (1) that the execution issued against L. French Herold and addressed to the sheriff of Nicholas County in the first place, not having any return at all made upon it, did not furnish the basis for equity jurisdiction to proceed against his land; (2) that the execution addressed to the sheriff of Braxton County, prior to the bringing of the creditors' suit, was insufficient to form the basis of equity jurisdiction for the proceeding, as against a resident of some other county, and (3) that the question being jurisdictional, the facts could not be developed after the suit had been brought and set up in an amended and supplemental bill, it being necessary that the jurisdictional facts exist at the time the suit was brought.

In passing it might be observed that this Braxton County execution was returned in a manner that is not equivalent to a return of "no property found". The return was "no prop-

158

erty found out of which this execution can be made". The required return is "no property found". Whether or not he finds property sufficient to satisfy the whole of the execution, he must levy upon what he does find. In that case, of course he could not return the instant execution "no property found". The property found would have to be subjected to sale, the amount realized credited upon the execution and the judgment, and a further execution issued before a return "no property found" could be procured. Code, 38-3-9, does not permit the officer to base his return upon his own judgment as to whether property levied upon will bring enough to satisfy the whole amount of the execution. The method of settling that question is to apply the proceeds.

Since there could not have been jurisdiction in the circuit court of Braxton County to proceed against the real estate of L. French Herold at the time the suit was brought, the contention that the circuit court of Braxton County gained jurisdiction of such land in the judgment lien creditors' suit which has precedence over the jurisdiction of the United States District Court in the bankruptcy proceeding, necessarily fails.

Therefore, the peremptory writ will issue.

*Writ awarded.*