IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 20-0410

_____

FILED
May 17, 2021
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. HOPE CLINIC, PLLC, ET AL.
Petitioners

v.

THE HONORABLE WARREN R. MCGRAW, JUDGE OF THE CIRCUIT
COURT OF WYOMING COUNTY, GREG A. SHREWSBURY, and PHYLLIS
A. SHREWSBURY,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION
WRIT GRANTED

_____

Submitted:  April 21, 2021
Filed:  May 17, 2021

Timothy R. Linkous, Esq.
Jenny L. Hayhurst, Esq.
Linkous Law, PLLC
Morgantown, WV
Counsel for Petitioner Sanjay R.
Mehta, D.O.

Joseph H. Spano Jr., Esq.
Pritt & Spano, PLLC
Charleston, WV
Counsel for  Respondents
Greg and Phyllis Shrewsbury

Robert M. Sellards, Esq.
John H. Zickefoose, Esq.
Bailes Craig Yon & Sellards, PLLC
Huntington, WV
Counsel for Petitioners Hope Clinic,
PLLC and James H. Blume, Jr., D.O.

Thomas P. McGinnis, Esq.
Jeanette H. Ho, Esq.
Samuel G. Dunlop, Esq.
Thomas, Thomas & Hafer, LLP
Pittsburgh, PA
Counsel for Petitioner Walgreen Co.

Trevor Taylor, Esq.
Taylor Law Office
Morgantown, WV
Counsel for Petitioner Bypass Pharmacy, Inc.

Tim J. Yianne, Esq.
Thomas P. Mannion, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
Charleston, WV
Counsel for Petitioners Deschner Medical Services, PLLC
d/b/a Deboss Neurology and Pain Clinic, and
Stephen H. Deschner, M.D.

Michael J. Farrell, Esq.
Tamela J. White, Esq.
Julian P. Pecora, Esq.
Farrell, White & Legg, PLLC
Huntington, WV
Counsel for Petitioner Rite Aid of West Virginia, Inc.

Robert L. McKinney, II, Esq.
C. William Knapp, Esq.
Ollie M. Harton, Esq.
Hawkins Parnell & Young, LLP
Charleston, WV
Counsel for Petitioners Westside Pharmacy, Inc. and
Devonna Miller-West, R. Ph.

Jace H. Goins, Esq.
Steptoe & Johnson PLLC
Charleston, WV
Counsel for Petitioners Rhonda Rose, R. Ph., Evan D.
Brush, R. Ph., and Rhonda's Pharmacy, LLC

JUSTICE ARMSTEAD delivered the Opinion of the Court.
JUSTICE WOOTON disqualified.  JUDGE OLEJASZ sitting by assignment.

SYLLABUS BY THE COURT

1. "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2. "Pursuant to W. Va. Code § 55-7B-6(a) and (b) (2003), no person may file a medical professional liability action against any health care provider unless, at least thirty days prior to the filing of the action, he or she has served, by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation." Syl. Pt. 4, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

3. "The pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

4. "A circuit court has no authority to suspend the West Virginia Medical Professional Liability Act's pre-suit notice requirements and allow a claimant to serve notice after the claimant has filed suit. To do so would amount to a judicial repeal of W.

i

Va. Code § 55-7B-6 (2003)." Syl. Pt. 5, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

5.      Because a statement that no screening certificate of merit is required pursuant to W. Va. Code §55-7B-6(c) is clearly "in lieu of" providing such a certificate of merit, such statement should be served no later than the applicable statutory deadline for providing a certificate of merit pursuant to W. Va. Code §55-7B-6.

6.      A claimant whose claim is subject to the Medical Professional Liability Act may not attempt to cure his or her failure to timely serve a screening certificate of merit in accordance with the applicable deadlines set forth in W. Va. Code §55-7B-6 by maintaining for the first time, after such deadline has passed, that he or she is invoking the provisions of W. Va. Code §55-7B-6(c) to assert that no such certificate of merit is required.

ARMSTEAD, J.:

The West Virginia Medical Professional Liability Act (hereinafter "MPLA") prohibits the filing of a medical professional liability action against a health care provider unless the claimant first serves a notice of claim on every health care provider that he or she will join in the action. *W. Va. Code* § 55-7B-6 (2003). Respondents, Greg and Phyllis Shrewsbury (hereinafter "Shrewsburys"), filed suit against Petitioners, various medical providers, pharmacists, and pharmacies, [1] asserting claims of medical negligence, pharmacist negligence, and loss of consortium. However, Respondents did not serve a notice of claim upon Petitioners before filing their complaint. Petitioners filed various motions to dismiss, and the circuit court denied said motions.

After careful review of the record before us, the parties' briefs and oral arguments, and the applicable law, we find that the circuit court erred by failing to dismiss the Shrewsburys' claims against Petitioners for lack of subject matter jurisdiction. Accordingly, we grant the writ of prohibition and vacate the circuit court's order denying Petitioners' motions to dismiss for lack of subject matter jurisdiction. We further remand this case to the circuit court and direct it to enter an order dismissing Respondents' civil action.

---

[1] The Petitioners are: Hope Clinic, PLLC; James H. Blume, Jr. D.O.; Sanjay R. Metha, D.O.; Deschner Medical Services, PLLC d/b/a Deboss Neurology and Pain Clinic; Steven H. Deschner, M.D.; Rhonda's Pharmacy, LLC; Rhonda Rose, R. Ph.; Evan D. Brush, R.Ph.; Bypass Pharmacy, Inc.; Westside Pharmacy, Inc.; Devonna L. Miller-West, R.Ph.; Rite Aid of West Virginia, Inc. and Walgreen Co.

1

## I. FACTUAL AND PROCEDURAL HISTORY

On or about September 12, 2018, the Shrewsburys filed a civil action in the Circuit Court of Wyoming County against Petitioners alleging medical negligence, pharmacist negligence, and loss of consortium.[2] The Shrewsburys alleged that Mr. Shrewsbury was injured in a motor vehicle accident in April 2011, and he sought medical treatment and medication from Petitioners for those injuries. Generally, the Shrewsburys alleged that Petitioners purposely prescribed and filled prescriptions for controlled substances in a concerted effort to addict Mr. Shrewsbury for monetary purposes.

Specifically, it is alleged that following the accident, Drs. Rodriguez-Cayro, Mehta, Morgan and Deschner and the various clinics provided prescriptions to Mr. Shrewsbury without a proper medical examination or no examination at all. Further, the Shrewsburys allege that the pharmacies and pharmacists negligently dispensed prescriptions for controlled substances for Mr. Shrewsbury. All of these actions were alleged to have caused Mr. Shrewsbury to become addicted to pain medications.

---

[2] In addition to petitioners, the Shrewsburys' Complaint also named the following six defendants: (1) PPPFD Allliance, LLC; (2) Mark Radcliffe; (3) Dr. Rodriquez-Cayro; (4) Ace Medical; (5) Dr. Morgan; and (6) Beckley Pain Clinic. The first five of these defendants had not participated in this case prior to the filing of the Writ of Prohibition. Some of those defendants may not have even been served with a copy of the Summons and Complaint. Beckley Pain Clinic, through its counsel, filed a Notice of Dissolution advising that it was previously dissolved on August 17, 2015.

2

It is undisputed that the Shrewsburys failed to comply with the pre-suit notice requirements of the MPLA. Over two months after filing their Complaint, the Shrewsburys filed their first Notice of Claim (hereinafter "First Notice of Claim"), which was dated November 21, 2018. The purported First Notice of Claim provided as follows:

> Each of you is hereby notified in accord with the provisions of West Virginia Code Chapter 55, Article 7B, Section 6 of the intent to file a claim or claims against you in the Circuit Court of Kanawha County, West Virginia. The theories of liability upon which the cause of causes of action will be based will include the over-prescribing of highly addictive controlled substances, the prescribing of controlled substances without adequate or proper evaluation of the patient and consistently failing to address the patient's actual medical needs. The foregoing resulted in the death of the patient.

> A Screening Certificate of Merit will be provided within 60 days as outlined in West Virginia Code Chapter 55, Article 7B, Section 6.

On or about November 27, 2018, the Shrewsburys issued their second purported Notice of Claim.[3] By January 2019, the Shrewsburys had not served the Complaint so they sought an extension of time to effectuate service of their Complaint. In support of this motion, the Shrewsburys indicated that the extension was needed "in order to allow time for all parties to comply with the provisions of the MPLA." The Shrewsburys went on to note that "[u]ntil full compliance with the provisions of the MPLA have been

---

[3] The second Notice of Claim was not made part of the record before the Circuit Court of Wyoming County.

3

undertaken, service of the summons and complaint on the Defendants is improper and does not comply with the statutory provisions of the MPLA."

Despite their earlier indication that a screening certificate of merit would be provided within sixty days, counsel for the Shrewsburys executed an "Affidavit of Counsel" on January 9, 2019, averring that pursuant to West Virginia Code § 55-7B-6(c), a screening certificate of merit was not necessary.

On January 28, 2019, just short of three weeks later, counsel for the Shrewsburys authored a letter again advising that a Screening Certificate of Merit would be provided within sixty days.[4]  However, the letter also provided that "[d]ue to a personal emergency of our expert, Dr. Breve, the receipt of the Screening Certificate of Merits [sic] will be delayed by approximately two weeks."  Finally, this letter requested that the addressees disregard the November 20, 2018 Notice of Claim as it had been mailed inadvertently.[5]

A third Notice of Claim, which was addressed to the Westside Pharmacy and Pharmacist Miller-West, was served on or about March 8, 2019.  On that same day, a fourth

---

[4] This letter was not sent to all named defendants.  It was addressed to Rhonda's Pharmacy, LLC, Pharmacist Rose, Pharmacist Brush, Rite Aid, Westside Pharmacy, Inc., Pharmacist Miller-West, Walgreen Co., and ByPass Pharmacy.

[5] The First Notice of Claim was dated November 21, 2018, not November 20, 2018.

Notice of Claim, was served. The third and fourth Notices of Claims included a Screening Certificate of Merit. The Shrewsburys began achieving service of the Summons and Complaint in July of 2019, and Petitioners began filing motions to dismiss. Although Petitioners moved for dismissal on various grounds, for purposes of the instant Writ of Prohibition, they universally sought dismissal of the Shrewsburys' Complaint on the grounds that the circuit court lacked subject matter jurisdiction because the Shrewsburys failed to comply with the pre-suit requirements of the MPLA.

On January 22, 2020, the circuit court held a hearing on the various motions to dismiss. By order entered March 13, 2020, the circuit court denied the outstanding motions to dismiss. Of particular importance to this original proceeding, the circuit court's order concludes that the Shrewsburys "complied with the requirements of the *Medical Professional Liability Act* (MPLA)." The order finds that Petitioners were provided with a Statement of Intent, a Notice of Claim, and a Screening Certificate of Merit, and that those Petitioners that did not respond to those documents are barred from seeking a dismissal of the Complaint.[6] As to the Petitioners that responded, the order concluded that the Shrewsburys' response complied with the MPLA. After concluding that the

---

[6] After finding that all of the Petitioners had been provided with such documents, the circuit court noted that only "Dr. James H. Blume, Jr., Hope Clinic, PLLC, Devonna Miller, and Westside Pharmacy" responded by requesting a more definite statement.

5

Shrewsburys had complied with all of the requirements of the MPLA, the circuit court concluded that it had subject matter jurisdiction and denied the motions to dismiss.

## II.  STANDARD OF REVIEW

"A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court.  It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W. Va. 314, 233 S.E.2d 425 (1977).

When a petition raises a jurisdictional challenge, "we must determine … whether it is jurisdictional in the sense of requiring a decision upon facts or a decision upon a pure question of law." *Lewis v. Fisher*, 114 W. Va. 151, 154-155, 171 S.E. 106, 107 (1933).  "If it rests upon a determination of fact, prohibition will not lie." *Id.* at 155, 171 S.E. at 107.  If, however, the challenge "rests upon the determination of a question of law, prohibition will lie if the trial court has exceeded its jurisdiction or usurped a jurisdiction that in law does not exist." *Id.*  The issue in the instant case is a question  of law so we apply a *de novo* standard of review. *See, e.g., Tennant v. Smallwood*, 211 W. Va. 703, 707, 568 S.E.2d 10, 14 (2002).

With these standards in mind, we turn to the parties' arguments.

## III. ANALYSIS

Ordinarily, we would begin our analysis by determining whether the MPLA applies to the claims being asserted by the Shrewsburys. However, that is not necessary in this case as the Shrewsburys concede that the MPLA applies to their claims.

Therefore, we proceed to Petitioners' argument that the circuit court lacked subject matter jurisdiction over the Shrewsburys' claims because they failed to comply with the pre-suit notice requirements of the MPLA. The pre-suit notice requirements of the MPLA provide that "[p]ursuant to W. Va. Code § 55-7B-6(a) and (b) (2003), no person may file a medical professional liability action against any health care provider unless, at least thirty days prior to the filing of the action, he or she has served, by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation." Syl. Pt. 4, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). The notice of claim "shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent." W. Va. Code § 55-7B-6(b). In addition, the notice of claim must also include a "screening certificate of merit." *Id*. As we held in *Davis v. Mound View Health Care,*

7

*Inc.*, 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006), [t]he provisions of W. Va. Code § 55-7B-6(a) and (b) are clear and unambiguous, and thus should be applied as written.[7]

The Shrewsburys filed multiple notices of claims, but all of their notices were filed after they filed their complaint. In fact, the First Notice of Claim was filed over two months after the Shrewsburys filed their Complaint. In addition to being filed after the Complaint, some of the notices contained deficiencies and inaccuracies. The first purported Notice of Claim, which was dated November 21, 2018, does not even appear to identify the name of the patient and it further indicated that the patient had died.[8] In a Statement of Intent, which was also dated November 21, 2018, there is a reference to the intent to file claims in the Circuit Court of Kanawha County, but at that time, the Shrewsburys' civil action had already been pending in the Circuit Court of Wyoming County for over two months. Approximately one week later, on November 27, 2018, the Shrewsburys issued another notice of claim. The third and fourth Notices of Claim were

---

[7] There are, however, circumstances where a notice of claim may be served without a screening certificate of merit. West Virginia Code § 55-7B-6(c) permits a claimant who believes that no screening certificate of merit is necessary because the claim is based upon a "well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care" to file a statement "specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." *Id*.

[8] Mr. Shrewsbury was not dead at the time of the First Notice of Claim nor has he died since that time.

filed in March 2019, and they directed that the Notice of Claim dated November 20, 2018, should be disregarded.[9]

Despite the Shrewsburys failure to comply with the pre-suit notice requirements of the MPLA, the circuit court inexplicitly and erroneously found that the Shrewsburys "have in good faith complied with the provisions set forth in W. Va. Code § 55-7B-6 et seq." In support of this conclusion, the circuit court relied upon this Court's decisions in *Hinchman v. Gillette*, 217 W. Va. 378, 618 S.E.2d 387 (2005) and *Elmore v. Triad Hospitals, Inc.*, 220 W. Va. 154, 640 S.E.2d 217 (2006). Such reliance is misplaced. Although both cases involved pre-suit notice requirements, the glaring difference between the instant case and those cases is that the appellants in those cases actually issued notices of claims more than thirty days prior to filing their complaints. In *Hinchman*, the issues were alleged defects and insufficiencies in the pre-suit notice of claim and screening certificate of merit. In *Elmore*, the issue was service of the pre-suit notice of claim. In the instant case, the Shrewsburys did not provide a notice of claim prior to filing their civil action in the Circuit Court of Wyoming County.

---

[9] Because there was no Notice of Claim dated November 20, 2018, we assume this reference is to the purported Notice of Claim filed on November 21, 2018.

As further evidence of the Shrewsburys failure to comply with the pre-suit notice requirements of the MPLA, the Shrewsburys further failed to timely issue a screening certificate of merit as required by the MPLA.

The provisions of W. Va. Code §55-7B-6(b) provide:

(b) At least 30 days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. . . .The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, *together with a screening certificate of merit.* The screening certificate of merit shall be executed under oath by a health care provider who:

(1) Is qualified as an expert under the West Virginia rules of evidence;

(2) Meets the requirements of §55-7B-7(a)(5) and §55-7B-7(a)(6) of this code; and

(3) Devoted, at the time of medical injury, 60 percent of his or her professional time annually to the active clinical practice in his or her medical field or specialty, or to teaching in his or her medical field or specialty in an accredited university. (emphasis added).

West Virginia Code § 55-7B-6(c) outlines circumstances in which a notice of claim may be served without a screening certificate of merit. West Virginia Code § 55-7B-6(c) provides:

10

(c) Notwithstanding any provision of this code, if a claimant or his or her counsel believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit. The statement shall be accompanied by the list of medical records and other information otherwise required to be provided pursuant to subsection (b) of this section.

We note that the Shrewsburys initially indicated that a screening certificate of merit would be provided within sixty days of their First Notice of Claim, which was dated November 21, 2018, so the exception to the screening certificate of merit provided for in West Virginia Code § 55-7B-6(c) was not implicated at that time.[10] However, nearly two months later, and nearly four months after the filing of their complaint, counsel for the Shrewsburys filed an "Affidavit of Counsel" pursuant to West Virginia Code § 55-7B-6(c). The "Affidavit of Counsel" indicated that it was being provided in lieu of a screening certificate of merit, and it included the following language: "the theory of liability presented against these Defendants is based upon well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of

---

[10] W. Va. Code §55-7B-6(d) permits claimants who are not filing an action against a nursing home, assisted living facility, their related entities or employees, or a distinct part of an acute care hospital providing intermediate care or skilled nursing care or its employees and who have insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations to furnish a statement of intent to provide the screening certificate of merit within sixty days of the date the health care provider receives the notice of claim.

11

care." However, despite this "Affidavit of Counsel," the Shrewsburys subsequently provided a screening certificate of merit in March 2019. We are unaware of the reason(s) that the Shrewsburys twice changed their position, first providing a statement of intent indicating that a screening certificate of merit would be provided within sixty days, to then filing an "Affidavit of Counsel" in lieu of a screening certificate of merit and then again changing their position and ultimately providing a purported and untimely screening certificate of merit. However, regardless of the Shrewsbury's intent, neither their efforts to provide the certificate of merit required by West Virginia Code § 55-7B-6(b) nor the statement expressing their belief that no such certificate of merit was required pursuant to West Virginia Code § 55-7B-6(c), was timely.[11]

Here, the Shrewsburys or counsel were required to either serve a screening certificate of merit accompanying their notice of claim thirty days ***prior*** to filing an action pursuant to W. Va. Code §55-7B-6(b) or advise that they would provide such screening certificate ***within sixty days of the notice of their claim*** pursuant to W. Va. Code §55-7B-6(d) (emphasis added). If a claimant wishes, instead, to take the position that no screening certificate of merit is necessary pursuant to West Virginia Code § 55-7B-6(c), it stands to reason that such conclusion would have been reached prior to filing a civil action since the

---

[11] The Shrewsburys' efforts were untimely because their First Notice of Claim and all subsequent notices were filed after they initiated a civil action in the Circuit Court of Wyoming County. Although the "Affidavit of Counsel" was filed within sixty days of the First Notice of Claim, the failure to file the First Notice of Claim prior to initiating the civil action was fatal to their claims and any attempt thereafter to provide a screening certificate of merit or express their belief that no such certificate was required was untimely.

12

claimant would take such position instead of either (1) providing a screening certificate of merit with his or her notice of claim or, (2) advising that such certificate of merit would be provided within the applicable statutory deadline for providing a certificate of merit.

The statute does not specifically indicate when the statement referenced in West Virginia Code § 55-7B-6(c) is required to be filed. However, the statute does state that, if the claimant or his or her counsel believe no certificate of merit is required pursuant to W. Va. Code §55-7B-6(c), "the claimant or his or her counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider *in lieu of a screening certificate of merit*." (emphasis added). Because a statement that no screening certificate of merit is required pursuant to W. Va. Code §55-7B-6(c) is clearly "in lieu of" providing such a certificate of merit, we find that such statement should be served no later than the statutory deadline for serving a certificate of merit pursuant to the applicable subsections of W. Va. Code §55-7B-6, in this case subsections (b) or (d). Accordingly, a claimant may not attempt to cure his or her failure to timely serve a screening certificate of merit by simply maintaining for the first time, after such deadline has passed, that he or she is invoking the provisions of W. Va. Code §55-7B-6(c) to assert that no such certificate of merit is required.

Because the Shrewsburys failed to comply with the applicable statutory deadlines to serve a certificate of merit pursuant to W. Va. Code §55-7B-6(b) or (d) or to assert an exemption to filing such certificate of merit under W. Va. Code §55-7B-6(c), we

13

find that they have failed to comply with the screening certificate of merit requirements of the MPLA.

Post-suit notice is insufficient to cure the jurisdictional deficiency created by the Shrewsbury's failure to comply with the pre-suit notice requirements of the MPLA. As we noted in *State ex rel. Primecare v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019), the intents of the MPLA "are thwarted whenever claimants file suit and give notice later." *Id.* at 345, 835 S.E.2d at 589. "[A] circuit court has no authority to suspend the MPLA's pre-suit notice requirements and allow a claimant to serve notice after the claimant has filed suit." *Id.*

"The pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). Because the Shrewsburys failed to comply with the MPLA's pre-suit requirements regarding the notice of claim and the screening certificate of merit, the Circuit Court of Wyoming County lacked jurisdiction and, pursuant to Rule 12(h)(3) of the West Virginia Rules of Civil Procedure, should have dismissed the Shrewsburys' Complaint.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the circuit court erred by failing to dismiss the Respondents' claims against all petitioners because it lacked subject matter jurisdiction to proceed in this case due to the Respondents' failure to comply with the MPLA's pre-suit requirements. Accordingly, we grant the requested writ of prohibition and vacate the circuit court's order denying Petitioners' motions to dismiss for lack of subject matter jurisdiction. We further remand this case to the circuit court and direct the circuit court to enter an order dismissing the Shrewsburys' claims.

Writ Granted.