**FILED**
**June 2, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia ex rel. West Virginia**
**Department of Health and Human Resources,**
**Petitioner**

**vs.) No. 20-0784**

**The Honorable Tera L. Salango, Judge of the Circuit**
**Court of Kanawha County, and Rene G. Denise,**
**Respondents**

**MEMORANDUM DECISION**

The West Virginia Department of Health and Human Resources ("DHHR")[1] seeks a writ of prohibition to prohibit Respondent Tera L. Salango, Judge of the Circuit Court of Kanawha County, from allowing Respondent Rene G. Denise[2] to proceed with her sexual harassment case against DHHR. The West Virginia Code provides that a "government agency" is entitled to thirty days' written notice before it is sued. W. Va. Code § 55-17-3(a)(1) (2008).[3] Under our cases, failure to give this pre-suit notice deprives the circuit

---

[1] DHHR is represented in this matter by Jan L. Fox, Esq., Mark C. Dean, Esq., and Michelle E. Gaston, Esq., of Steptoe & Johnson PLLC.

[2] Ms. Denise is represented in this matter by Todd S. Bailess, Esq., and Rodney A. Smith, Esq., of Bailess Smith PLLC and by Michael P. Addair, Esq., of Addair Law Office PLLC.

[3] West Virginia Code § 55-17-3(a)(1) provides that

> [n]otwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. Upon receipt, the chief officer of the government agency shall forthwith forward a copy of the notice to the President of the Senate and the Speaker

(continued . . .)

1

court of jurisdiction. By statute, a "government agency" includes both a state executive-branch "department" with capacity to be sued and a "public official named as a defendant or respondent in his or her official capacity[.]" W. Va. Code § 55-17-2(2) (2002).[4] In this case, DHHR received statutory pre-suit notice; other defendants did not, including a defendant supervisor who works at a hospital run by DHHR.

DHHR contends that the defendant supervisor is a public official who was sued in her official capacity and without pre-suit notice. DHHR further contends that this failure of notice deprived the circuit court of jurisdiction. The Circuit Court of Kanawha County disagreed and denied DHHR's motion to dismiss. Now DHHR asks this Court to prohibit the circuit court from allowing the case to proceed, alleging the circuit court lacks jurisdiction.

Based on the record before us, the arguments of the parties, and the applicable law, we find that DHHR had no clear right to have the case against it dismissed, regardless of whether the supervisor in question is (or is not) a "public official" for purposes of West Virginia Code § 55-17-2(2). Therefore, we deny DHHR's writ petition and remand this case to the circuit court for further proceedings. Because this case presents no new or substantial question of law, and because we find no prejudicial error, its proper disposition is by memorandum decision as contemplated by Rule 21 of the Rules of Appellate Procedure.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a sexual harassment suit filed by Ms. Denise. Ms. Denise is a nurse who, in August or September 2017, began working for Sunbelt Staffing, LLC ("Sunbelt"). Sunbelt recruits and provides staff for hospitals and other healthcare facilities,

---

of the House of Delegates. The provisions of this subdivision do not apply in actions seeking injunctive relief where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

[4] According to West Virginia Code § 55-17-2(2),

"[g]overnment agency" means a constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued[.]

and Sunbelt placed Ms. Denise with DHHR's William R. Sharpe, Jr. Hospital.[5]  After a period of orientation, Ms. Denise began working in the E2 Unit for young adult patients.

Ms. Denise claims that, from her first day in the E2 Unit, she was sexually harassed by a hospital coworker named Scott Starcher.  She says that she reported the harassment to "Melanie," whom Ms. Denise describes as a "supervisor and/or human resources personnel" employed by DHHR.  Ms. Denise alleges that "Melanie" promised to "put something in writing" about the harassing coworker and to put Ms. Denise on her "list of things" to discuss with Francis Stump, whom Ms. Denise describes as a "supervisor/agent of DHHR."[6]

The harassment continued, according to Ms. Denise, and she complained a second time to "Melanie" and a third time to Ms. Stump.  Ms. Stump allegedly admitted that Mr. Starcher was an "issue" and that she had received "multiple complaints" about him.

We do not know what, if any, discipline was imposed on Mr. Starcher, but Ms. Denise says that she was subsequently transferred to an undesirable midnight shift and assigned to work back-to-back sixteen-hour shifts.  She claims that her requests for a new schedule were refused and that, on or about November 9, 2017, she learned that her contract was canceled.  She alleges that Ms. Stump attributed the cancelation to job cuts and assured her that she was eligible to return to work when DHHR needed more staff.  However, Ms. Denise claims that, when DHHR was later seeking to hire nurses, she was deemed ineligible.

On October 21, 2019, Ms. Denise notified[7] DHHR[8] and the West Virginia Attorney General by certified mail, return receipt requested, that she planned to sue the State for various claims arising from her "joint employment" with DHHR and Sunbelt.  The next day, she sued Sunbelt, Mr. Starcher, "Melanie" (as "Jane Doe"), and Ms. Stump.  Her complaint alleged that Sunbelt and DHHR were "employers" for purposes of West Virginia

---

[5] Ms. Denise alleges that she was "jointly employed" by Sunbelt and DHHR.

[6] During oral argument, DHHR's counsel referred to Ms. Stump as a "nurse manager" and a "nursing supervisor," but neither party has provided any significant details about Ms. Stump's title, activities, or duties.

[7] By statute, written pre-suit notice "is considered to be provided on the date of mailing of the notice by certified mail, return receipt requested."  W. Va. Code § 55-17-3(a)(2).

[8] Her attorney addressed the certified letter to the cabinet secretary and the chief operating officer for DHHR's Office of Health Facilities.

Code § 5-11-3(d)[9] and that Mr. Starcher, "Melanie," and Ms. Stump were "persons" for purposes of West Virginia Code § 5-11-3(a).[10] Her complaint further alleged that, as persons, Mr. Starcher, "Melanie," and Ms. Stump were "individually liable for the acts described herein in the aiding and abetting of discrimination as set forth in W[est] V[irginia] Code § 5-11-9(7)."[11]

---

[9] According to West Virginia Code 5-11-3(d) (1998),

"employer" means the state, or any political subdivision thereof, and any person employing twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or the preceding calendar year: Provided, That such terms shall not be taken, understood or construed to include a private club[.]

[10] West Virginia Code § 5-11-3(a) defines a "person" as "*one or more individuals*, partnerships, associations, organizations, corporations, labor organizations, cooperatives, legal representatives, trustees, trustees in bankruptcy, receivers and other organized groups of persons" (emphasis added).

[11] West Virginia Code § 5-11-9(7) (2016) forbids

any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution to:

(A) Engage in any form of threats or reprisal, or to engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section;

(B) Willfully obstruct or prevent any person from complying with the provisions of this article, or to resist, prevent, impede or interfere with the commission or any of its members or representatives in the performance of a duty under this article; or

(C) Engage in any form of reprisal or otherwise discriminate against any person because he or she has opposed any practices or acts forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

Ms. Denise refrained, however, from suing DHHR until thirty-one days later, when she filed an amended complaint adding DHHR as a defendant. She subsequently dismissed Sunbelt and Mr. Starcher from the case pursuant to West Virginia Rule of Civil Procedure 41.[12] Accordingly, the only remaining defendants in the case were DHHR, "Melanie," and Ms. Stump.

DHHR moved to dismiss the case for lack of jurisdiction,[13] arguing that Ms. Stump is an official who was sued in her "official capacity" and was, thus, entitled to statutory pre-suit notice pursuant to West Virginia Code § 55-17-3(a)(1).[14] Ms. Stump joined DHHR's motion. The circuit court rejected DHHR's argument and denied the motion to dismiss in a June 8, 2020 order. According to the circuit court, Ms. Stump is a public employee, not a public official entitled to pre-suit notice.

DHHR remains convinced that Ms. Stump is a "public official." DHHR filed this petition for writ of prohibition to challenge the circuit court's jurisdiction. Ms. Stump, however, is neither a co-petitioner with DHHR nor a respondent in this matter, nor has she filed a writ petition of her own.

## II. STANDARD OF REVIEW

We have held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Syl. Pt. 1, *State ex rel. PrimeCare Med. of W. Va., Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019) (quoting Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977)). Lack of jurisdiction is, thus, an accepted ground for issuing a writ of prohibition.

DHHR contends that a plaintiff's failure to provide pre-suit notice pursuant to West Virginia Code § 55-17-3(a)(1) deprives the circuit court of subject matter jurisdiction. The statute provides: "*Notwithstanding any provision of law to the contrary*, at least thirty days prior to the institution of an action against a government agency, the complaining party or

---

[12] Rule 41(a)(1)(i) (1998) authorizes a plaintiff to dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]" According to the notices of dismissal, neither Sunbelt nor Mr. Starcher had served an answer or motion for summary judgment.

[13] DHHR asserted other defenses, but they are not relevant to this writ petition.

[14] *See supra* note 3.

parties *must provide* . . . written notice . . . of the alleged claim and the relief desired." *Id.* (emphasis added). Our cases are equally clear: "Compliance with the pre-suit notification provisions set forth in W. Va.Code § 55–17–3(a) (2002) *is a jurisdictional pre-requisite* for filing an action against a State agency subject to the provisions of W. Va.Code § 55–17–1, *et seq.* (2002)." Syl. Pt. 3, *Motto v. CSX Transp., Inc.*, 220 W. Va. 412, 647 S.E.2d 848 (2007) (emphasis added); *accord Gomez v. State Athletic Comm'n*, No. 16-0103, 2016 WL 5348350, *2 (W. Va. Sept. 23, 2016) (memorandum decision).

Our standard of review for jurisdictional questions depends on whether the parties' dispute is one of fact or law.

> When a petition raises a jurisdictional challenge, "we must determine . . . whether it is jurisdictional in the sense of requiring a decision upon facts or a decision upon a pure question of law." *Lewis v. Fisher*, 114 W. Va. 151, 154-155, 171 S.E. 106, 107 (1933). "If it rests upon a determination of fact, prohibition will not lie." *Id*. at 155, 171 S.E. at 107. If, however, the challenge "rests upon the determination of a question of law, prohibition will lie if the trial court has exceeded its jurisdiction or usurped a jurisdiction that in law does not exist." *Id*. Because the question is one of law, we apply a *de novo* standard of review. *See, e.g.*, *Tennant v. Smallwood*, 211 W. Va. 703, 707, 568 S.E.2d 10, 14 (2002).

*PrimeCare*, 242 W. Va. at 341-42, 835 S.E.2d at 585-86 (footnote omitted). In this case, neither party has raised any material issue of fact relevant to jurisdiction, so our standard of review is de novo.

Nevertheless, DHHR's right to relief must be *clear*, otherwise we will deny the writ. As we have held before, "[t]he writ of prohibition will issue only in *clear cases* where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl., *State ex rel. Vineyard v. O'Brien*, 100 W. Va. 163, 130 S.E. 111 (1925) (emphasis added); *accord State ex rel. Maynard v. Bronson*, 167 W. Va. 35, 41, 277 S.E.2d 718, 722 (1981) ("The right to prohibition must clearly appear, for example, before the petitioner is entitled to such remedy.").

### III. ANALYSIS

DHHR's plea for relief is simple: (a) Ms. Stump is a public official who was sued in her official capacity; (b) Ms. Stump never received statutory pre-suit notice; (c) lack of notice is a jurisdictional defect; therefore, (d) the circuit court was obliged "to dismiss *this case*" (emphasis added). DHHR assumes that the only relevant question is whether Ms. Stump is public official who was sued in her official capacity. We disagree.

6

The statute provides that, when a person wishes to bring "an action against a government agency, the complaining party or parties must provide the chief officer of the government agency . . . written notice . . . of the alleged claim and the relief desired." W. Va. Code § 55-17-3(a)(1). This language poses a problem for DHHR because everyone agrees that DHHR is a state agency and that DHHR received statutory pre-suit notice. The real question, therefore, is whether DHHR—after receiving exactly what the statute requires—can object to the fact that Ms. Stump, as an alleged public official, did not.

DHHR does not appear to have anticipated this rather obvious question. In its petition for writ of prohibition, DHHR concentrated its energy on proving that Ms. Stump is a public official who was sued in her official capacity. When we questioned, at oral argument, DHHR's capacity to object to *Ms. Stump's* lack of pre-suit notice, DHHR argued that, by suing Ms. Stump, Ms. Denise was also suing DHHR. We are not persuaded by this allegation.

If Ms. Stump is a public official who was sued in her official capacity—and we do not decide that question—then, by statute, she is a *separate* government agency with a *separate* right to receive statutory pre-suit notice. West Virginia Code § 55-17-2(2) provides that a "government agency" is "*a . . . public official* named as a defendant . . . in his or her official capacity, *or a department* . . . within the executive branch of state government that has the capacity to sue or be sued" (emphasis added). The statutory definition contains no exception for cases where the alleged public official serves in an executive branch department. Indeed, by referring to public officials first, the statutory definition appears structured to exclude any doubt that a public official sued in his or her official capacity is a "government agency" *in addition to* whatever "department, division, bureau, board, commission or other agency or instrumentality" he or she may lead or serve. *Id.*

According to the statute, a person who brings "an action against *a government agency* . . . must provide the chief officer of *the government agency* . . . written notice . . . of the alleged claim and the relief desired." *Id.* § 55-17-3(a)(1) (emphasis added). In the same vein, West Virginia Code § 55-17-3(a)(2) provides that "written notice to the chief officer of *the government agency*" is deemed to be provided upon mailing and that "notice . . . to the chief officer of *the government agency*" tolls "any applicable statute of limitations . . . for thirty days" (emphasis added).[15] Thus, according to the plain language of West Virginia Code § 55-17-3(a), when a person brings an action against more than one

---

[15] This language parallels, in relevant respects, the language of West Virginia Rule of Civil Procedure 4: "The summons shall . . . be directed to *the defendant* . . . . It shall also state the time within which *the defendant* must appear and defend, and notify *the defendant* that failure to do so will result in a judgment by default against *the defendant* for the relief demanded in the complaint." W. Va. R. Civ. P. 4(a) (2007) (emphasis added).

government agency, each defendant government agency has a separate right to receive statutory pre-suit notice of the action.

Because DHHR actually received statutory pre-suit notice and is now attempting to invoke a right that belongs to another party who did not join in DHHR's writ petition to this Court, we cannot say that DHHR's right to relief in this matter is clear. Indeed, we question DHHR's standing to object to Ms. Stump's lack of pre-suit notice.[16]

> As a general rule any person who will be affected or injured by the proceeding which he seeks to prohibit is entitled to apply for a writ of prohibition; but a person who has no interest in such proceeding and whose rights will not be affected or injured by it can not [sic] do so.

Syl. Pt. 6, *State ex rel. Linger v. Cty. Ct. of Upshur Cty.*, 150 W. Va. 207, 144 S.E.2d 689 (1965). DHHR is a defendant in the circuit court action and, therefore, might plausibly claim to be a "person who will be affected . . . by the proceeding" and "a person who has [an] interest in such proceeding[.]" *Id.* However, standing requires something more: an interest in the *particular right or claim* the petitioner seeks to assert. As we said in *Findley v. State Farm Mut. Auto. Ins. Co.*,

> [s]tanding does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. Typically, . . . the standing inquiry requires careful judicial examination . . . to ascertain whether the particular plaintiff is entitled to an adjudication *of the particular claims asserted.*

213 W. Va. 80, 94–95, 576 S.E.2d 807, 821–22 (2002) (alterations in original) (internal quotation marks omitted) (quoting *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund,* 500 U.S. 72, 77 (1991)); *see also Bone v. Otis Elevator Co.*, 2018-0745 (La. App. 4 Cir. 12/12/18), 261 So. 3d 948, 950 ("[W]e find no error in the district court's conclusion that Otis lacked standing to bring exceptions seeking dismissal of FTCA claims against other defendants. 'An exception is a means of defense, . . . used by the defendant, . . . to retard, dismiss, or defeat the demand *brought against him.*' La. C.C.P. art. 921 (emphasis added). Under the facts before us, these exceptions are not an available method by which Otis can seek dismissal of claims against other parties." (alterations in original)). In this matter, DHHR has no interest in the statutory right or claim it asserts.

---

[16] Though neither party briefed this issue, we note that "[s]tanding . . . may be raised at any time by a party or *sua sponte* by the Court." *State ex rel. Morrisey v. W. Va. Off. of Disciplinary Couns.*, 234 W. Va. 238, 244, 764 S.E.2d 769, 775 (2014).

Furthermore, we have observed that "a court can have subject matter jurisdiction over some claims and not others." *PrimeCare*, 242 W. Va. at 341 n.14, 835 S.E.2d at 585 n.14. Likewise, a court's subject matter jurisdiction may extend to some *defendants* and not others. *See, e.g.*, *Charles D. Bonanno Linen Serv., Inc. v. McCarthy*, 708 F.2d 1, 11 (1st Cir. 1983) (holding that federal court jurisdiction was proper "even if the other state claim defendants must be left behind."); *Christel v. EB Eng'g, Inc.*, 116 P.3d 1267, 1270 (Colo. App. 2005) (holding that trial court had jurisdiction to proceed with "claims against the other defendants" while interlocutory appeal was pending); *Pack v. Ross*, 288 S.W.3d 870, 873–74 (Tenn. Ct. App. 2008) (holding that, because venue for a defendant was limited to a single county, the court of that county had sole "jurisdiction to entertain the action" despite the fact that other defendants were properly sued in a second county where the action was filed); *Hyundai Motor Am. v. New World Car Nissan, Inc.*, 581 S.W.3d 831, 835-36 (Tex. App. 2019) (finding that subject matter jurisdiction was limited to certain state defendants and dismissing other state defendants). Accordingly, even if Ms. Stump *is* a government agency entitled to statutory pre-suit notice—which, again, is a question we do not decide—it is not clearly established by law that the circuit court's alleged lack of subject matter jurisdiction with respect to *Ms. Stump* defeats the circuit court's subject matter jurisdiction with respect to DHHR. Accordingly, DHHR has not met its burden to establish that it has a clear legal right to the writ it requests.

## IV. CONCLUSION

For the foregoing reasons, we deny DHHR's writ petition and remand this case to the circuit court for further proceedings.

Writ denied.

**ISSUED:** June 2, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

9