KENNETH HINKLE, *et al.*

*v.*

BAUER LUMBER AND HOME BUILDING CENTER, INC., *etc.*

(No. 13174)

Decided February 11, 1975.

*James F. Cain, Daniel G. LaPorte* for appellant.

*Bonn Brown* for appellees.

HADEN, CHIEF JUSTICE:

This is an appeal and supersedeas from a final order of the Circuit Court of Randolph County which dismissed a civil action seeking injunctive and other relief against the appellant, Bauer Lumber and Home Building Center, Inc. The order also purported to remand the case to an administrative forum of the City of Elkins which had never assumed jurisdiction of the parties and subject matter in litigation in the first instance. Additionally, the order required of the appellant that it give bond in the trial court in the penalty of $35,000.00 conditioned to pay damages which the appellees might sustain if the appeal was not granted by this Court.

All of the foregoing relief and more was incorporated into the order appealed from although the trial court specifically concluded in a previous paragraph of the same order that it had absolutely no jurisdiction of the subject matter of the civil action:

"3. The Court accordingly found as a matter of law that the administrative procedure of the Zoning Resolution of the City of Elkins, West Virginia had not been exhausted and followed in the granting of a building permit to the Defendant Bauer Lumber and Home Building Center, Inc. for the purpose of erecting a Redi Mix or Transit Concrete Plant and that the Court therefore did not have jurisdiction over the subject matter of the cause;"

No party to this appeal asserts that the trial court had jurisdiction of the subject matter of the action. The record also provided no help in this regard.

The complaint purports to be a class action instituted by property owners in the City of Elkins against the lumber company seeking to enjoin it, temporarily and permanently, from violating authorized use provisions of the municipal zoning ordinance as respects certain property located within the city. That pleading, however, makes only vague references to facts which could conceivably provide a jurisdictional basis for equitable relief against a nuisance causing harm; but such inference on our part arises only by implication and not by express allegations. Unfortunately, the appellees' pleadings and demands for relief are entirely unsupported by proof. The trial court took no evidence before entry of its final order and based its factual findings and conclusions wholly upon colloquy with counsel and stipulations acquired by it through persuasion and direction. Accordingly, and since this Court has no other basis for contrary conclusion, we premise our opinion on the assumption that the trial court had no jurisdiction of the subject matter of the civil action.

Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the

forum court must take no further action in the case other than to dismiss it from the docket. *State ex. rel. Lynn v. Eddy, Judge*, 152 W. Va. 345, 163 S.E.2d 472 (1968). *See also, Rule* 12(b)(1) and (h)(2), W. Va. R.C.P.

As the trial court attempted to order the parties to an unauthorized forum and to bind appellant to a penal bond if it chose to appeal rather than submit to the efficacy of the court's directive, when dismissal of the action alone was required, it exceeded its lawful powers. In so ordering the trial court has deprived the appellant of the use of his property without due process of law in violation of Article III, Section 10, of the West Virginia Constitution. Due process of law requires that a court assuming to determine the rights of parties shall have jurisdiction. *State v. Blevins*, 131 W. Va. 350, 48 S.E.2d 174 (1948). A trial court may be reversed on appeal, as well as prohibited, when it exceeds its lawful jurisdiction. *Bowles v. Mitchell*, 146 W. Va. 474, 120 S.E.2d 697 (1961).

For the foregoing reasons the case is reversed and remanded to the Circuit Court of Randolph County with directions that an order be entered dismissing the action from the docket.

*Reversed and remanded
with directions.*