# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Avory Williams, Jr.,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0135** (Kanawha County 13-C-1974)

**Donald Johnson, Catherine Johnson, and**
**Nolan Johnson, Defendants Below, Respondents**

**FILED**

November 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Avory Williams, Jr., appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered January 30, 2014, that, in pertinent part, dismissed (1) his claim for the expungement of a petit larceny conviction; and (2) the counterclaim of Respondents Donald Johnson, Catherine Johnson, and Nolan Johnson (collectively "respondents") to be paid full restitution because both claims were part of a separate criminal action that was not before the court. Respondents did not file a response.[1]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a separate criminal proceeding, petitioner pled guilty to and was convicted of petit larceny, a misdemeanor,[2] with regard to the theft of respondents' truck. As part of his sentence, petitioner was ordered to pay respondents restitution in the amount of $3,100 in regular

---

[1] On August 5, 2014, this Court entered an amended scheduling order noting that respondents failed to timely file a response. This Court directed respondents to file a response. However, respondents still failed to file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondents failed to file a response. *See* Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[2] *See* W.Va. Code § 61-3-13(b).

1

installments of $129.17 per month.[3] On October 21, 2013, petitioner filed the instant civil action against respondents—the victims of his crime—in the apparent belief that, by doing so, his conviction could be expunged from his record. On November 14, 2013, respondents filed a counterclaim against petitioner alleging that he failed to pay them full restitution. Following a hearing on January 29, 2014, the circuit court dismissed petitioner's claim and respondents' counterclaim, in pertinent part, because both claims were part of a separate criminal action that was not before the court. *See* Rule 12(b)(1), W.V.R.C.P. (lack of subject matter jurisdiction) and Rule 12(b)(6), W.V.R.C.P. (failure to state a claim on which relief can be granted).[4]

Petitioner now appeals the circuit court's January 30, 2014, order dismissing his action. We review the dismissal of an action *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Center, Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975).

On appeal, petitioner asserts that he needs his conviction expunged from his record so that he can obtain an education and become employed. However, petitioner's action against his victims was not a legally cognizable method for having his conviction expunged. Therefore, we find that the circuit court did not err in dismissing petitioner's action pursuant to Rules 12(b)(1) and 12(b)(6) of the West Virginia Rules of Civil Procedure.[5]

For the foregoing reasons, we affirm.

Affirmed.

---

[3] Petitioner was originally charged with grand larceny. *See* W.Va. Code § 61-3-13(a) (defining "grand larceny" as a larceny of goods or chattels "of the value of one thousand dollars [$1,000] or more").

[4] As an alternate ground for dismissing petitioner's claim, the circuit court found that petitioner failed to prosecute his claim pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure because petitioner appeared after the January 29, 2014, hearing was concluded. However, having found the circuit court's reasoning under Rules 12(b)(3) and 12(b)(6) sufficient to affirm its dismissal of petitioner's action, we do not address the circuit court's alternate ruling.

[5] The appendix record submitted by petitioner reflects that, following the dismissal of his action, petitioner made a proper motion to have his conviction expunged pursuant to West Virginia Code § 61-11-26, which allows certain persons convicted of misdemeanors to seek expungement. However, by an order, entered March 31, 2014, the circuit court denied the motion to expunge because (1) petitioner has not yet paid full restitution; and (2) petitioner did not give notice of the motion to the victims of his crime.

**ISSUED:**   November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II