# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

(Chief) Michael S. Owl Feather-Gorbey,
Petitioner Below, Petitioner

vs)   No. 17-0931 (Preston County 17-C-79)

State of West Virginia;
Superintendent USP Hazelton;
Superintendent/Administrator WV
Regional Jails,
Respondents Below, Respondents

**FILED**

**April 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner (Chief) Michael S. Owl Feather-Gorbey, pro se, appeals the August 29, 2017, order of the Circuit Court of Preston County dismissing his petition for a writ of habeas corpus. Respondent State of West Virginia ("the State"), by counsel Scott E. Johnson, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is incarcerated by the Federal Bureau of Prisons ("BOP") for convictions that he received in the District of Columbia, including possession of an unregistered firearm, use and/or transportation of explosives for an unlawful purpose, and attempted manufacture of a weapon of mass destruction. *See Gorbey v. United States*, 54 A.3d 668, 699-707 (D.C. 2012). The BOP has custody of petitioner pursuant to District of Columbia Official Code ("D.C. Code") § 24-101(a), which provides, in pertinent part, that "any person who has been sentenced to incarceration pursuant to the [D.C. Code] . . . shall be designated by the [BOP] to a penal or correctional facility operated or contracted for by the [BOP], for such term of imprisonment as the court may direct." D.C. Code § 24-101(a) further provides that "[s]uch persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed."

1

In 1970, Congress enacted D.C. Code § 23-110 to establish "a procedure for collateral review of convictions in the Superior Court [of the District of Columbia]." *Swain v. Pressley*, 430 U.S. 372, 375 (1977); *see Boumediene v. Bush*, 553 U.S. 723, 775 (2008). In *Swain*, the Supreme Court rejected a challenge to D.C. Code § 23-110 under the Suspension Clause of the United States Constitution, finding that § 23-110 provided an effective substitute procedure to District of Columbia prisoners, who previously filed habeas petitions in federal courts to challenge their convictions. 430 U.S. at 384.[1] D.C. Code § 23-110(g) provides, in pertinent part, as follows:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court *or by any Federal or State court* if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief[2].

(Emphasis added.).

On June 22, 2017, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Preston County, West Virginia, attacking the convictions affirmed by the District of Columbia Court of Appeals in *Gorbey* and raising claims against the BOP. Petitioner argued that the BOP miscalculated his discharge date as June 8, 2027, and improperly accepted the filing of a detainer against petitioner by the Commonwealth of Virginia. Petitioner further argued that the circuit court had jurisdiction to consider his claims because, at the time that he filed his petition, the BOP was holding him at United States Penitentiary, Hazelton ("USP Hazelton"), which is located in Preston County. Petitioner and the State agree that the BOP is no longer holding petitioner within West Virginia territory. According to petitioner, the BOP currently holds him at a federal correctional institution in Cumberland, Maryland.

On August 28, 2017, the State filed a motion to dismiss petitioner's habeas petition, arguing that the circuit court lacked jurisdiction to consider his claims. By order entered August 29, 2017, the circuit court found that, as a West Virginia state court, it did not have jurisdiction over petitioner's claims and dismissed his petition.

---

[1]The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." *Id.* at 379-80 (quoting U.S. Const. article I, § 9, cl. 2).

[2]D.C. Code § 23-110(g) includes a savings clause, pursuant to which a habeas petitioner may seek relief in federal district court if the remedy provided under D.C. Code § 23-110 is inadequate or ineffective. *See Gorbey v. United States*, 55 F.Supp.3d 98, 103 (D.D.C. 2014) (denying habeas petition filed by petitioner pursuant to 28 United States Code § 2254, explaining that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention") (Internal quotations and citations omitted.); *Swain*, 430 U.S. at 381 (finding that D.C. Code § 23-110(g)'s savings clause precludes "any serious question about the constitutionality of the statute").

Petitioner now appeals the circuit court's August 29, 2017, order dismissing the petition for a lack of jurisdiction. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court had jurisdiction to consider his claims because, at the time that he filed his habeas petition, the BOP was holding him at USP Hazelton in Preston County. The State notes that the BOP no longer holds petitioner within West Virginia territory and argues that the circuit court never had jurisdiction over petitioner's claims because he is in the custody of the BOP, a federal agency, pursuant to a sentence imposed by the Superior Court of the District of Columbia. We agree with the State. In *Cline v. Mirandy*, 234 W.Va. 427, 432-33, 765 S.E.2d 583, 588-89 (2014), we found that a habeas petitioner must be "incarcerated" within the meaning of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to -11, in order to "vest[ ] the circuit court with subject matter jurisdiction" over his petition. (citing *State ex rel. Richey v. Hill*, 216 W.Va. 155, 160-61, 603 S.E.2d 177, 182-83 (2004)).[3] Here, petitioner is not incarcerated by the State of West Virginia. Therefore, based on our review of the record, we conclude that the circuit court did not err in dismissing petitioner's habeas petition for a lack of jurisdiction. *See* Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Center, Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975) (holding that "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket").

For the foregoing reasons, we affirm the circuit court's August 29, 2017, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   April 15, 2019

---

[3]*See also Ableman v. Booth*, 62 U.S. (21 How.) 506, 515-16 (1858) (finding that "no State can authorize one of its judges or courts to exercise judicial power, by *habeas corpus* or otherwise, within the jurisdiction of another and independent Government"); *In re Tarble*, 80 (13 Wall.) U.S. 397, 411-12 (1872) (holding a state court has no power to issue a writ of habeas corpus to discharge a petitioner within the custody of the United States Army); *Special Pros. of State of New York v. U.S. Atty. for Southern Dist. of New York*, 375 F. Supp. 797, 804 (S.D.N.Y. 1974) (finding that, "[s]ince *Ableman* and *Tarble*, there has been no serious challenge to the principle that state courts possess no power to remove a person from the jurisdiction of federal courts or agencies by writ of habeas corpus").

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison