# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thomas C. Shrader,**
**Petitioner Below, Petitioner**

**vs.) No. 18-0648** (Mercer County 18-C-134)

**State of West Virginia,**
**Respondent Below, Respondent**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas C. Shrader, pro se, appeals the Circuit Court of Mercer County's May 11, 2018, order declining to rule on his "Motion for Court Order or Court Affidavit" and dismissing the matter for a lack of jurisdiction. The State, by counsel Scott E. Johnson, filed a summary response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in concluding that it did not have jurisdiction in this matter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

"In 1975, petitioner was charged with murder in two cases arising from the same incident wherein he allegedly shot multiple persons." *Shrader v. State*, No. 17-0299, 2018 WL 679497, at *1 (W. Va. Feb. 2, 2018)(memorandum decision). In 1976, the Circuit Court of McDowell County "accepted petitioner's guilty pleas to two counts of first-degree murder and one count of unlawful wounding." *Id*. at 2. "The circuit court sentenced petitioner to a life term of incarceration with the possibility of parole with regard to each murder conviction and sentenced him to a twelve-month term of incarceration with regard to the unlawful wounding conviction." *Id*. The circuit court ordered that the sentences run concurrently, pursuant to the plea agreement. *Id*. Petitioner was released on parole in 1993 and completed his parole in 1999. *Id*.

In 2009, petitioner was arrested by FBI agents at his home in Mercer County, West Virginia. "In June of 2010, petitioner was charged by a federal grand jury of being a felon in possession of a firearm. Ultimately, petitioner was found guilty of constructive possession of

1

firearms" in violation of 18 U.S.C. § 922(g)(1).[1] *Shrader,* No. 17-0299, 2018 WL 679497, at *2. "Because of petitioner's record of three violent felonies, his sentence was enhanced pursuant to the Armed Career Criminal Act to 235 months of incarceration." *Id.* His convictions were upheld by the United States Court of Appeals for the Fourth Circuit in 2012. *See United States v. Shrader*, 675 F.3d 300, 303 (4th Cir. 2012). Petitioner is currently incarcerated at United States Penitentiary-Mendota in Mendota, California.

In April of 2018, petitioner filed a "Motion for Court Order or Court Affidavit" in Mercer County, West Virginia seeking release from federal incarceration. The circuit court entered an order finding that petitioner's conviction and sentencing occurred in McDowell County, West Virginia, and that Mercer County did not have jurisdiction. The circuit court ordered that the matter be dismissed. In May of 2018, petitioner filed a motion for reconsideration requesting that the circuit court reconsider its prior decision. On May 11, 2018, the circuit court affirmed its earlier decision due to a lack of jurisdiction and again ordered that the matter be dismissed.

In his sole assignment of error, petitioner argues that the circuit court erred in concluding that it did not have jurisdiction in the matter. Petitioner alleges that because he was arrested in Mercer County in 2009, Mercer County has jurisdiction.[2] However, we do not find petitioner's argument persuasive.

---

[1]18 U.S.C. 922(g)(1) provides as follows:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Additionally, in a separate trial, petitioner was convicted of two counts of stalking via a facility of interstate commerce in violation of 18 U.S.C. § 2261A(2).

[2]In support of his argument, petitioner also argues that West Virginia Code § 61-7-7 is in some way applicable. It is unclear, however, how this statute could apply. West Virginia Code § 61-7-7 criminalizes the possession of firearms by felons, among others, under the laws of this state. Petitioner was never convicted of a violation of West Virginia Code § 61-7-7. Instead, he was convicted of being a felon in possession of a firearm under federal law. Petitioner seemingly attempts to clarify his argument in his reply brief by stating that a "Federal Conviction under 18 U.S.C. § 922(g)(1) is in fact a Federal [law] in West Virginia BASED upon West Virginia's affirmative restriction of whether or not an ex-felon can or cannot possess a firearm pursuant to 18 U.S.C. § 922(a)(20)." Petitioner cites to *United States v. Stump*, wherein the Court held that the defendant was "exempted from prosecution under § 922(g) since the State of West Virginia did not affirmatively restrict him from possessing a firearm, by virtue of its certificate restoring civil rights nor by virtue of any other state law codified at the time of his discharge from parole." 784 F. Supp. 326, 330 (N.D.W. Va. 1992). Petitioner states that "[i]f not for West Virginia Code

(continued . . . )

Regarding our review of a circuit court's decision that it lacks jurisdiction, we have noted that "[w]hether a court has subject matter jurisdiction over an issue is a question of law." *Snider v. Snider,* 209 W. Va. 771, 777, 551 S.E.2d 693, 699 (2001). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law . . . we apply a *de novo* standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995).

Here, petitioner is not incarcerated by the State of West Virginia. He was convicted of multiple federal crimes and is currently incarcerated in federal prison. The State argues that the circuit court does not have jurisdiction because petitioner is currently in federal custody after being convicted in federal court of violating 18 U.S.C. § 922(g)(1), a "purely federal law." We agree with the State. Based on our review of the record, we conclude that the circuit court did not have jurisdiction and did not err in dismissing the matter.[3] *See Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.,* 158 W. Va. 492, 211 S.E.2d 705 (1975) (holding that "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket.").[4]

For the foregoing reasons, the circuit court's May 11, 2018, order is hereby affirmed.

---

§ 61-7-7 [petitioner] could not have been prosecuted under 18 U.S.C. § 922(g)(1)." Petitioner further contends that, because West Virginia Code § 61-7-7 was not enacted until several years after his 1976 felony convictions in West Virginia, he was not affirmatively restricted from possessing firearms. Petitioner fails to explain how this argument is relevant to whether Mercer County has jurisdiction in this matter.

[3]The circuit court decided that it lacked jurisdiction because it was not the county where petitioner was convicted of murder and malicious wounding in 1976. While this Court finds the circuit court lacked jurisdiction because petitioner is in federal custody, the circuit court nevertheless reached the correct conclusion. We have held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

[4]*See also Ableman v. Booth*, 62 U.S. 506, 515-16 (1858) (finding that "no State can authorize one of its judges or courts to exercise judicial power, by *habeas corpus or otherwise*, within the jurisdiction of another and independent Government.") (emphasis added); *Tarble's Case*, 80 U.S. 397, 411-12 (1871) (holding a state court has no power to issue a writ of habeas corpus to discharge a petitioner within the custody of the United States Army); *Special Pros. of State of N.Y. v. U.S. Atty. for S. Dist. of New York*, 375 F. Supp. 797, 804 (S.D.N.Y. 1974) (finding that "[s]ince *Ableman* and *Tarble*, there has been no serious challenge to the principle that state courts possess no power to remove a person from the jurisdiction of federal courts or agencies by writ of habeas corpus"). While we recognize petitioner is not seeking habeas relief here, he does raise post-conviction arguments on appeal.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison